United States District Court
Southern District of Texas
**ENTERED**
September 17, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Laila J. Elham, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | Civil Action No. 4:24-cv-02235 |
| State Farm Mutual Automobile Insurance Company, | § § § § | |
| *Defendant.* | § § | |

## MEMORANDUM AND ORDER

This case arises from an uninsured/underinsured motorist coverage dispute. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") filed a motion seeking to abate Plaintiff Laila J. Elham's extra-contractual claims under the Texas Deceptive Trade Practices Act, the Texas Insurance Code, and for negligent misrepresentation and fraudulent inducement, until the breach-of-contract claim is resolved. Dkt. 4. After carefully considering State Farm's motion, Elham's response, Dkt. 6, the parties' oral presentations at the September 6, 2024 hearing, and the applicable law, the Court concludes that the motion to abate all extra-contractual claims should be granted.

## Background

The following facts are taken from Elham's state court petition. They are accepted as true at this stage.

On March 3, 2023, Elham was driving when her car was struck by another motorist, causing her to sustain a broken arm and other unspecified injuries. Dkt. 1-4 at 7. The other motorist was cited for failing to yield the right-of-way while making a left turn. *Id.*

Elham promptly notified her insurance carrier, State Farm, about the accident. *Id.* State Farm refused to pay any underinsured benefits ("UIM benefits") under the auto policy. *Id.*

Elham then sued State Farm in state court, asserting claims for breach of contract and several extra-contractual claims: under the Texas Deceptive Trade Practices Act and the Texas Insurance Code, and for negligent misrepresentation and fraudulent inducement. *See id.* at 5-11. State Farm timely removed the case to this Court on the basis of diversity jurisdiction. *See* Dkt. 1-2 at 1-2. Contemporaneously with its answer, Dkt. 3, State Farm filed a motion requesting abatement and a separate trial on all extra-contractual claims, Dkt. 4, to which Elham responded, Dkt. 6. The motion is ripe for resolution.

## **Legal Standard**

Rule 42(b) of the Federal Rules of Civil Procedure authorizes this Court to order a separate trial on one or more issues or claims for "convenience, to avoid prejudice, or to expedite and economize …." Fed. R. Civ. P. 42(b). The party seeking separate trials bears the burden to show that they are necessary. *See Maguire v. State Farm Mut. Auto. Ins. Co.*, 2020 WL 13441595, at *2 (S.D. Tex. Mar. 3, 2020). Whether separate trials are warranted is "left to the 'sound discretion of the trial court.'" *Id.* (quoting *Geraci v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 10677455, at *1 (E.D. Tex. May 6, 2009)).

In addition, district courts have broad discretion to stay proceedings in the interest of justice and to control their dockets. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis*, 299 U.S. at 254-55).

## **Analysis**

Invoking a line of Texas state court decisions, State Farm contends that this Court should abate Elham's extra-contractual claims until the coverage dispute is resolved. *See* Dkt. 4 at 2-7. State Farm further contends that the extra-contractual claims should be tried separately from Elham's breach-of-contract claim. *See id.*

Elham does not dispute that Texas courts consistently grant abatement and separate trials in this context. Instead, she argues that federal courts are not bound to state law on these procedural matters. *See* Dkt. 6 at 3-4. Elham contends that the federal rules do not provide a mechanism for abatement. *See id.* at 5-6. Elham also argues that separate trials would waste resources and cause her prejudice. *See id.* at 5.

Elham is correct that federal courts are not required to follow the state-court approach on these issues. Nevertheless, State Farm's request for abatement and separate trials in this UIM case comports with decisions by this Court—and other federal courts around this State. *See, e.g.*, *Maguire v. State Farm Mut. Auto. Ins. Co.*, 2020 WL 13441595, at *2-5 (S.D. Tex. Mar. 3, 2020); *Perez v. State Farm Mut. Auto. Ins. Co.*, 2019 WL 2075931, at *1-2 (S.D. Tex. May 10, 2019); *see also, e.g.*, *Greil v. Geico*, 2001 WL 1148118, at *1 (N.D. Tex. Sept. 18, 2001). Invoking well-established Texas law, those federal decisions concluded that extra-contractual claims in UI/UIM cases should be tried separately and abated until coverage is finally determined. *See id.* The logic of those decisions is persuasive, and Elham cites no analogous authority warranting a different result.

Certain distinct features of UI/UIM disputes warrant separate trials and abatement of extra-contractual claims. As the Texas Supreme Court explained, a "[UI/]UIM contract is unique because, according to its terms,

4

benefits are conditioned upon the insured's legal entitlement to receive damages from a third party" based on general principles of tort law. *See Brainard v. Trinity Univ. Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006); *see also Maguire*, 2020 WL 13441595, at *2 (citing *Brainard* for this distinction). This means "the insurer's contractual obligation to pay benefits does not arise until liability and damages are determined." *Brainard*, 216 S.W.3d at 818. At that juncture, recovery of UIM benefits requires proof "(1) that the insured has UIM coverage; (2) that the underinsured motorist negligently caused the accident that resulted in the covered damages; (3) the amount of the insured's damages; and (4) that the underinsured motorist's insurance coverage is deficient." *Maguire*, 2020 WL 13441595, at *2.

In the UIM context, extra-contractual claims face an additional hurdle. An insured must first establish that the policy requires payment on the claim for UIM benefits. *See id.* Because of this predicate, Texas courts routinely conclude that separate trials for and abatement of extra-contractual claims "are not only proper, but are required, in UIM cases." *See Perez*, 2019 WL 2075931, at *1 (collecting multiple authorities). After all, "a finding that the insurer defendant was not liable for UI[/UIM] benefits could foreclose the extra-contractual claim." *See Perez*, 2019 WL 2075931, at *2 (citing *Accardo v. Am. First Lloyds Ins. Co.*, 2012 WL 1576022, at *5 (S.D. Tex. May 3, 2012)). Trying the contractual and extra-contractual claims separately would

5

therefore avoid potentially unnecessary litigation and expense. *See Greil*, 2001 WL 1148118, at *2. In addition, the lack of separate trials could prejudice the insurer, such as when the insurer has made a settlement offer that was rejected. *See Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (noting, for example, an insurer's settlement offer would be admissible on a bad-faith claim, but would taint an insurer's position as to coverage for a disputed claim); *see also Greil*, 2001 WL 1148118, at *1-2 (making this point and granting separate trials on contractual and extra-contractual claims).

Concerns about avoiding potentially wasted resources also call for abating extra-contractual claims in the UM/UIM context. "Without abatement, the parties will be put to the effort and expense of conducting discovery and preparing for trial of claims that may be disposed of in a previous trial." *Maguire*, 2020 WL 13441595, at *3 (quoting *U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 673 (Tex. App.—Houston [1st Dist.] 1993, no writ)). Put another way, "an insurer should not be required to engage in discovery of extra-contractual issues before the underlying UIM liability is determined because such discovery may be rendered moot by the trial of the underlying motor-vehicle accident." *Id.* at *4; *see also Perez*, 2019 WL 2075931, at *2 (observing that one Texas appellate court held it would be "'manifestly unjust' to require such discovery") (citing *In re Liberty Cnty. Mut. Ins. Co.*, 537 S.W.3d 214, 221 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding)).

6

The foregoing principles articulated by Texas courts, even if not binding, demonstrate that separate trials and abatement are appropriate for Elham's extra-contractual claims. *See Greil*, 2001 WL 1148118, at *1 (making same observation). Those principles properly inform this Court's exercise of discretion under Rule 42 to grant a separate trial on the extra-contractual claims to maximize efficiencies and prevent potential prejudice to State Farm. *See id.* (observing that "Texas courts are in the best position to determine when claims arising under Texas law warrant separate trials"); *see also, e.g.*, *Maguire*, 2020 WL 13441595, at *5 (Texas law warranted exercising discretion to grant separate trials); *Perez*, 2019 WL 2075931, at *2 (same).

Elham's contention that federal rules do not contemplate "abatement" per se overlooks that abatement constitutes a stay in everything but name. Undisputedly, this Court has inherent authority to stay all or part of the proceeding in the interests of justice. *See Landis*, 299 U.S. at 254. And a stay or abatement of discovery on Elham's extra-contractual claims is warranted to avoid expending resources investigating claims that may become moot once the predicate issues are resolved. *See Maguire*, 2020 WL 13441595, at *3; *Perez*, 2019 WL 2075931, at *2. Accordingly, the interests of justice, as informed by numerous prior decisions, call for abating Elham's extra-contractual claims until her breach-of-contract claim is resolved.

## **Conclusion**

For the foregoing reasons, it is **ORDERED** that Defendant State Farm Mutual Automobile Insurance Company's motion for abatement of extra-contractual causes of action and for separate trials (Dkt. 4) is **GRANTED**.

Signed on September 17, 2024 at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge